## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

TERRY MIDDLETON,

        Petitioner,

        v.

CAPT. S. SPAULDING, Warden,

        Respondent.

CIVIL ACTION NO. 1:15-CV-01441

(KANE, J.)
(SAPORITO, M.J.)

## <u>REPORT AND RECOMMENDATION</u>

On July 27, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, mailed to the Court by petitioner Terry Middleton on or about July 2, 2015. (Doc. 1). At the time of filing, Middleton was incarcerated at FCI Allenwood-Medium, located in Union County, Pennsylvania.

Middleton challenges his sentence in the United States District Court for the Northern District of Florida for possession of a firearm by a convicted felon. *United States v. Middleton*, Case No. 4:89-cr-04011 (N.D. Fla. Oct. 17, 1991) (judgment of conviction), *aff'd*, 978 F.2d 719 (11th Cir. 1992) (table decision). Based on four predicate convictions for violent felonies, Middleton was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to serve a term of 180 months in prison, to

run consecutive to a 20 year state sentence. *See generally Middleton v. Ebbert*, Civil No. 1:CV-10-2154, 2011 WL 4048777, at *1 (M.D. Pa. Sept. 12, 2011) (reciting factual and procedural background of criminal and collateral review proceedings). The petition alleges that, based on the recent Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the so-called "residual clause" of the ACCA unconstitutional, Middleton's sentence was illegal because two of the four predicate convictions used to enhance his sentence were based on the residual clause of the ACCA.

Middleton has previously attempted to challenge his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court. *See United States v. Middleton*, Case No. 4:89-cr-04011 (N.D. Fla. Mar. 7, 1996) (order denying § 2255 motion), *aff'd*, 110 F.3d 797 (11th Cir. 1997) (table decision). He has previously attempted to obtain leave to file a successive § 2255 motion from the United States Court of Appeals for the Eleventh Circuit, without success. *See United States v. Middleton*, No. 4:89-cr-04011, 2013 WL 5671161, at *1 (N.D. Fla. 2013) (noting that the Eleventh Circuit had twice previously denied leave to file a successive

§ 2255 motion). He has previously mounted several unsuccessful attempts to challenge his conviction and sentence under § 2241 and the "savings clause" of § 2255(e). *See Middleton v. Ebbert*, Civil No. 1:CV-10-2154, 2011 WL 4048777 (M.D. Pa. Sept. 12, 2011), *aff'd*, 467 Fed. App'x 105 (3d Cir. 2012) (per curiam); *Middleton v. Ebbert*, No. 1:08-CV-00827, 2008 WL 2563548 (M.D. Pa. June 20, 2008), *reconsideration denied*, 2008 WL 2857568 (M.D. Pa. July 21, 2008), *aff'd* 302 Fed. App'x 68 (3d Cir. 2008) (per curiam); *Middleton v. Schult*, No. 907CV386, 2007 WL 1704646 (N.D.N.Y. June 13, 2007), *aff'd*, 299 Fed. App'x 94 (2d Cir. 2008).

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in

the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, Middleton challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion

"inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a federal prisoner to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F. Supp. 2d at 726–27. Middleton cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown*, 167 F. Supp. 2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

Middleton contends that this challenge fits within the scope of the "savings clause" of § 2255(e) because his petition advances a "claim that he is being detained for conduct that has subsequently been rendered *non-criminal* by an intervening Supreme Court decision." *See In re Dorsainvil*, 119 F.3d 245, 252 (3d Cir. 1997) (emphasis added). Under 18 U.S.C. § 924(e), a person convicted for possession of a firearm by a convicted felon is subjected to an enhanced statutory minimum sentence of fifteen years in prison[1] if he has three or more previous convictions for violent felonies or

---

[1] Absent this sentence enhancement, Middleton apparently would have been sentenced under 18 U.S.C. § 924(a)(2), which provides for a
*(continued on next page)*

serious drug offenses. 18 U.S.C. § 924(e)(1). Middleton was sentenced under this provision based on four predicate convictions for violent felonies: (1) attempted murder; (2) breaking and entering with intent to commit a misdemeanor; (3) battery of a law enforcement officer; and (4) armed robbery. He contends that the recent *Johnson* decision's invalidation of the residual clause has rendered him "innocent" of the ACCA enhancement because two of his four predicate convictions (the battery and breaking and entering offenses) were based on the unconstitutional residual clause, and therefore he was subjected to the enhanced career criminal sentence based on only two predicate violent felony convictions.

The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized text is the

---

statutory minimum sentence of ten years in prison.

language that has come to be known as the "residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. In so holding, the Supreme Court explicitly provided that the *Johnson* decision "does not call into question application of the [ACCA] to the four enumerated offenses,[2] or the remainder[3] of the [ACCA]'s definition of a violent felony." *Id.*

But Middleton's challenge falls outside the scope of the savings clause for two reasons. First, § 2255 is only "inadequate or ineffective" when "a successive petitioner can allege both that the Supreme Court, since his last petition, has interpreted the statute under which he was convicted in a new way and that his conduct was lawful under the statute as subsequently interpreted." *Dorsainvil*, 119 F.3d at 253 (Stapleton, J., concurring); *see also id.* at 248 (noting that the recent Supreme Court decision at issue in *Dorsainvil* was a substantive statutory holding, not a

---

[2] To be clear, these are the crimes of burglary, arson, and extortion, plus offenses involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii).

[3] To be clear, these are crimes with "an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

constitutional rule). The *Johnson* decision is a constitutional ruling, not an exercise of statutory interpretation. *See Johnson*, 135 S. Ct. at 2563 (holding that the residual clause violated due process); *see also Mangine v. Walton*, Civil No. 15-cv-189, 2015 WL 4511759, at *4 (S.D. Ill. July 24, 2015) ("*Johnson* is a constitutional case, not a statutory construction case."). Second, the *Johnson* ruling merely dealt with sentencing and did not decriminalize the offense for which Middleton was convicted, possession of a firearm by a convicted felon. *See Dorsainvil*, 119 F.3d at 252; *United States v. Kenney*, 391 Fed. App'x 169, 172 (3d Cir. 2010); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.

**Dated: August 3, 2015**      *s/ Joseph F. Saporito, Jr.*
                                **JOSEPH F. SAPORITO, JR.**
                                **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY MIDDLETON, | |
| Petitioner, | CIVIL ACTION NO. 1:15-CV-01441 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| CAPT. S. SPAULDING, Warden, | |
| Respondent. | |

## <u>NOTICE</u>

NOTICE IS HEREBY GIVEN that the undersigned has entered the

foregoing Report and Recommendation dated August 3, 2015. Any party

may obtain a review of the Report and Recommendation pursuant to Local

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion
> or matter described in 28 U.S.C. § 636(b)(1)(B) or making
> a recommendation for the disposition of a prisoner case
> or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall
> file with the clerk of court, and serve on the magistrate
> judge and all parties, written objections which shall
> specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made
> and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A
> judge shall make a de novo determination of those
> portions of the report or specified proposed findings or
> recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 3, 2015**                    *s/ Joseph F. Saporito, Jr.*
                                             **JOSEPH F. SAPORITO, JR.**
                                             **United States Magistrate Judge**