**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | **No. 1:15-cv-1441** |
| **Petitioner** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **CAPTAIN S. SPAULDING,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Before the Court is the Report and Recommendation of Magistrate Judge Saporito, in which he recommends dismissing Petitioner's Section 2241 habeas petition without prejudice. (Doc. No. 3.)  Petitioner filed objections to the Report and Recommendation on August 17, 2015.[1]  (Doc. No. 5.)  For the reasons that follow, the Court will adopt Magistrate Judge Saporito's Report and Recommendation in full.

## I.    BACKGROUND

Petitioner, presently incarcerated in the Middle District of Pennsylvania pursuant to a firearms conviction from the United States District Court for the Northern District of Florida, brings this petition following the United States Supreme Court's decision in United States v. Johnson, 135 S.Ct. 2551 (2015), to challenge his statutorily enhanced sentence.  This is his fifth habeas petition, but his first petition post-Johnson.  In that decision, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act of 1994, 18 U.S.C. § 924(e)(2)(B)(ii), violated Due Process.  Id. at 2563.  Petitioner's present sentence was mandatorily enhanced under the residual clause, and in particular, two prior convictions for

---

[1] Petitioner has also filed five miscellaneous motions since Magistrate Judge Saporito issued his Report and Recommendation: four motions to submit persuasive authority and one motion to supplement his objections.  (Doc. Nos. 4, 6, 7, 8, 9.)

armed robbery and breaking and entering were counted towards the four predicate violent felony convictions used to classify him as an armed career criminal.  (Doc. No. 3 at 1, 6-7); <u>Middleton v. Ebbert</u>, 2011 WL 4048777, at *1 (M.D. Pa. September 12, 2011) (Kane, J.) (ruling on Petitioner's previous Section 2241 petition).

## II.    REPORT AND RECOMMENDATION

In his Report and Recommendation, Magistrate Judge Saporito recommends that the present petition should be construed as a petition under Section 2255, rather than under Section 2241 as Petitioner has labeled it.  (Doc. No. 3 at 4.)  According to Magistrate Judge Saporito, Petitioner may not proceed with a Section 2241 petition and thereby avoid the additional statutory restrictions on Section 2255 petitions unless he has demonstrated that a Section 2255 motion would be "inadequate or ineffective to test the legality of his detention."  (<u>Id.</u>) (quoting 28 U.S.C. § 2255(e) (the "savings clause")).  Magistrate Judge Saporito observes that Petitioner may not bring a Section 2241 petition merely because his prior Section 2255 petition has been denied.  (<u>Id.</u> at 4-5.)

In addition, while an intervening change in statutory interpretation by the Supreme Court that de-criminalizes the conduct for which a petitioner has been convicted may enable that petitioner to proceed under Section 2241, <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997), Magistrate Judge Saporito observes the <u>Johnson</u> decision is a constitutional and not statutory ruling, and that the <u>Johnson</u> decision did not de-criminalize the conduct for which Petitioner is presently incarcerated (unlawful possession of a firearm), so Petitioner must proceed via a motion under Section 2255.  (<u>Id.</u> at 7-8.)

Having found that Petitioner may not bring a petition under Section 2241, Magistrate

Case 1:15-cv-01441-YK   Document 10   Filed 12/16/15   Page 3 of 6

Judge Saporito recommends dismissing the petition without prejudice to Petitioner complying with the strictures of Section 2255 in the United States District Court for the Northern District of Florida, which, as petitioner's sentencing court, is generally the more appropriate venue for Section 2255 motions.[2]  (Id. at 8); see also Wood v. Maiorana, 2015 WL 4663267 (M.D. Pa. Aug. 6, 2015) (construing post-Johnson successive petition as Section 2255 petition and transferring it to the sentencing district).

## III.   OBJECTIONS

Petitioner has objected on two grounds: (1) that "his claim is not one of actual innocence of the ACCA, but that his sentence has exceeded that authorized by Congress;" and (2) that the "savings clause," which forecloses Section 2241 petitions for Petitioners who could bring Section 2255 petitions, is unconstitutional.  (Doc. No. 5 at 2-9.)

As to Petitioner's first objection, even were the Court to read his motion to bring a claim that his sentence is statutorily excessive, rather than a claim of actual innocence, a motion under Section 2255 would still be the appropriate vehicle to seek relief.  Section 2255 provides the "exclusive means to collaterally challenge a federal conviction or sentence." Exinia v. United States, 457 F. App'x 80, 82 (3d Cir. 2012) (citing Davis v. United States, 417 U.S. 333, 343-344 (1974)); see also 28 U.S.C. § 2255(e).  A petitioner may pursue relief by alternate means, such as by a Section 2241 motion, only where he or she can show that a Section 2255 petition would be

---

[2] Magistrate Judge Saporito observes that, in order to file a new petition in Florida federal court, the requirements of Section 2255(h) likely require him to seek pre-authorization to file from the United States Court of Appeals for the Eleventh Circuit.  (Doc. No. 3 at 8.)  Habeas petitions challenging the validity of a conviction or sentence may be transferred in the interest of justice to the sentencing district under 28 U.S.C. § 1404, the statute governing transfer of venue in civil cases.  E.g., Wood v. Maiorana, 2015 WL 4663267, at **5-7 (M.D. Pa. Aug. 6, 2015) (collecting cases).

"inadequate or ineffective" to protect his or her rights.  Id.  Section 2241 petitions have been

allowed when a petitioner can show that a Supreme Court case through statutory interpretation

has rendered the conduct for which a petitioner was convicted non-criminal, In re Dorsainvil,

119 F.3d at 251, or in limited situations where a petitioner is challenging the execution of his or

her sentence, rather than its validity, Miller v. Federal Bureau of Prisons, 147 F. App'x. 302, 304

n.2 (3d Cir. 2005) (collecting cases, observing that 'execution of sentence' involves challenges

to, for example, place of confinement and denial of parole).

Petitioner is not entitled to file a Section 2241 petition based on his present claims.  This

is so because a Section 2255 petition may be used to challenge the length of a sentence beyond

what is statutorily mandated.  See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002)

(holding that Section 2255 motion was the appropriate vehicle to seek relief in challenges to the

length of a federal sentence); see also Ruiz v. Ebbert, 2015 WL 5997105, at *2 (M.D. Pa. Oct.

14, 2015).  As Judge Conaboy wrote in Ruiz,

> Ruiz's pending Johnson based argument challenges the validity of his
> sentence which was imposed by the Southern District of Florida. . . . . [H]e
> solely contends that his ACCA sentence enhancement was improper.  Based
> upon the nature of his claim, Petitioner must follow the requirements of §
> 2255.

Ruiz, 2015 WL 5997105, at *2.  Consequently, even were the Court to sustain Petitioner's first

objection that his petition raises a challenge to his sentence, rather than a claim of actual

innocence, he would still not be entitled to file a Section 2241 motion.

Petitioner's second objection similarly fails.  Petitioner argues that Section 2255 is not an

adequate remedy because Section 2255(h) allows for successive habeas petitions only in cases of

newly discovered evidence or new retroactively applicable rules of constitutional law.  (Doc. No.

5 at 2-3.)  Petitioner claims that he satisfies neither of those conditions, so forcing him to file a Section 2255 petition unconstitutionally deprives him of any remedy at all.  (Id.)

Leaving aside the fact that <u>Johnson</u>'s retroactivity remains an open question,[3] the mere inability of Petitioner to satisfy Section 2255's gatekeeping requirements does not make Section 2255 unconstitutionally inadequate in Petitioner's case.  <u>Okereke</u>, 307 F.3d at 120 ("'We do not suggest that § 2255 would be inadequate or ineffective so as to enable a . . . petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.'") (quoting <u>In re Dorsainvil</u>, 119 F.3d at 251).  Section 2255 is not unconstitutional, because where it does not itself provide an adequate or effective remedy, Section 2255(e) permits a petitioner to seek habeas relief through other means, such as in a Section 2241 petition.  <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 252.  For this reason, Section 2255(e) is alternatively referred to as Section 2255's "savings clause" and its "safety valve."  <u>E.g.</u>, <u>Scott v. Shartle</u>, 574 F. App'x 152, 154 (3d Cir. 2014).  In the present case, Petitioner's claims are properly addressed via a Section 2255 motion, and not a motion under the Section 2241.  Accordingly, the Court finds that Petitioner's second objection is without merit, and will overrule it.

## IV.    CONCLUSION

---

[3] A circuit split has developed in the courts of appeals regarding <u>Johnson</u>'s retroactive effect.  <u>Compare</u> <u>Price v. United States</u>, 795 F.3d 731 (7th Cir. 2015) (finding <u>Johnson</u> retroactive on collateral review), <u>with</u> <u>In re Rivero</u>, 797 F.3d 986 (11th Cir. 2015) (finding <u>Johnson</u> not retroactive).  Since the <u>Rivero</u> panel opinion, however, the Eleventh Circuit has appointed counsel for the <u>Rivero</u> petitioner and ordered additional briefing on the retroactivity of <u>Johnson</u>.  Order, <u>In re Gilberto Rivera</u>, 15-13089 11th Cir. Sept. 14, 2015.  The United States Court of Appeals for the Third Circuit has not addressed the question, although the Third Circuit may address the issue in the pending appeal of Judge Conaboy's decision in <u>Ruiz</u>.

Accordingly, the Court will adopt Magistrate Judge Saporito's Report and Recommendation in full.  Magistrate Judge Saporito recommends dismissing Petitioner's petition without prejudice to re-filing it with his sentencing court in the Northern District of Florida, and Magistrate Judge Saporito recognizes that pre-clearance from the United States Court of Appeals for the Eleventh Circuit to file a second or successive petition will be necessary.  (See Doc. No. 3 at 8.)  Petitioner has filed a copy of the Eleventh Circuit's recent decision in In re Rivero, in which that court held that Johnson has no retroactive effect.  (Doc. No. 8.)  While this decision is unfavorable to Petitioner and perhaps dispositive of his petition, that alone does not render Section 2255 an ineffective remedy.  Okereke, 307 F.3d at 120.  In addition, since the published opinion, the Eleventh Circuit on its own motion issued an order appointing counsel for the Rivero petitioner and ordering supplemental briefing on issues related to the petitioner's sentence and the potential retroactive application of Johnson.  Order, In re Gilberto Rivera, 15-13089 11th Cir. Sept. 14, 2015.

Regardless, the appropriate forum to address Petitioner's sentence-related claims is in the Northern District of Florida, and accordingly, the Court will dismiss his petition without prejudice.  Petitioner is granted leave to seek pre-clearance from the United States Court of Appeals for the Eleventh Circuit to file a second or successive habeas petition the Northern District of Florida, should he choose to do so.  An order consistent with this memorandum follows.